# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| **BRYAN ASHLEY BOWEN,** | **CIVIL ACTION NO. 6:18-124-KKC** |
| Petitioner, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **AL HUTCHINGS, Acting Warden,** | |
| Respondent. | |

\*\*\* \*\*\* \*\*\*

Petitioner Bryan Ashley Bowen is an inmate currently confined at the United States Penitentiary-Canaan in Waymart, Pennsylvania.[1] Proceeding without a lawyer, Bowen has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1] The Respondent, Acting Warden Al Hutchings, has filed his response to the petition [R. 14] and Bowen has filed a reply. [R. 27] Thus, this matter is ripe for review.

In March 2002, Bowen was charged in an indictment issued by a grand jury sitting in the United States District Court for the Western District of Texas with the following: one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, cocaine, and/or 3,4 methylenedioxymethamphetamine (MDMA or ecstasy) in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(a) and 841(b)(1)(C) (Count One); one count of knowingly possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)

---
[1] At the time that Bowen filed his petition, he was incarcerated at the Federal Correctional Institution ("FCI")-Manchester located in Manchester, Kentucky. [R. 1]

1

(Count Two); one count of knowingly possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count Four); one count of using or carrying a firearm during and in relation to the drug trafficking crime charged in Count One in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five); one count of using or carrying a firearm that was a destructive device during in relation to a drug trafficking crime as charged in Count Two in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) (Count Six); one count of using or carrying a firearm that was a semiautomatic assault weapon during and in relation to the drug trafficking crime charged in Count One in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(B)(i) (Count Seven); one count of using or carrying a firearm that was a semiautomatic assault weapon during and in relation to the drug trafficking crime charged in Count Two in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(B)(i) (Count Eight); and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime as charged in Count Three in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Nine). [R. 14-1, Indictment]

In May 2002, pursuant to a plea agreement with the United States, Bowen pleaded guilty to Counts One and Seven of the indictment, in exchange for which the United States agreed to move to dismiss the remaining seven Counts of the indictment and further agreed not to pursue other Title 21 offenses against Bowen with regard to the facts that gave rise to the indictment. [R. 14-2, Plea Agreement] The parties made no agreement regarding a specific sentence. [*Id*. at p. 2] However, Bowen acknowledged that his sentence would be imposed "in conformity with" the then-mandatory federal Sentencing Guidelines and further agreed that the sentencing court "has

jurisdiction and authority to impose any sentence within the statutory maximum set for his offense, including a sentence determined by reference to the Guidelines, and he expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18. U.S.C. § 3741." [*Id*. at p. 5] This appeal waiver provision of the plea agreement further provides that "should the court depart upwards from its guideline calculation, then in that event, [Bowen] could appeal the justification for and imposition of such an upward departure, but no other issue as relates to the Sentencing Guidelines." [*Id*.]

The plea agreement also includes another waiver provision, pursuant to which Bowen "knowingly waives his right to appeal the sentence or to contest it in any post-conviction proceeding, including a motion pursuant to 28 U.S.C. § 2255, in exchange for the concession made by the government in this agreement." [*Id*. at p. 5-6] This provision further provides "should the court depart upwards from its guideline calculation, then in that event, the Defendant could appeal the justification for and imposition of such an upward departure, but no other issue as relates to the Sentencing Guidelines." [*Id*. at p. 6]

Prior to sentencing, the probation office prepared a Presentence Investigation Report ("PSR"). [R. 16, PSR] The PSR first notes that the relevant statutory provisions with respect to Count One provide for a statutory mandatory minimum term of imprisonment of five years and a statutory maximum term of 40 years imprisonment. [*Id*. at p. 1] The relevant statute with respect to Count Seven, 18 U.S.C. § 924(c)(1)(B), provided for a mandatory minimum sentence of 10 years imprisonment, to run consecutively to Bowen's drug trafficking offense of Count One. [*Id*.]

The PSR then turned to the Sentencing Guidelines calculation for Count One, first calculating an adjusted offense level of 28 for Count One. [*Id*. at p. 5-6] However, because Bowen had prior Texas felony convictions for possession with intent to deliver a controlled substance and

3

aggravated assault causing serious bodily injury, Bowen was classified as a career offender under U.S.S.G. §4B1.1, which raised his adjusted offense level to 34. [*Id*. at p. 6] After deducting three levels for acceptance of responsibility, the PSR calculated a total offense level of 31, which, combined with his criminal history category of VI, resulted in a proposed guidelines range of 188 to 235 months of imprisonment. [*Id*. at p. 11, 15] As noted by Respondent, the career offender classification had no impact on Bowen's criminal history category as his criminal history points already placed him in the highest category. [*Id*.]

With respect to Count Seven, because Bowen was subject to a mandatory minimum sentence of 10 years (or 120 months) for his violation of 18 U.S.C. § 924(c), that minimum term of imprisonment required by the statute became the guideline sentence for Count Seven. [*Id*. at p. 7]

In July 2002, Bowen was sentenced to a term of imprisonment of 188 months on Count One and a term of 120 months on Count Seven to run consecutively to the sentence imposed on Count One, for a total term of imprisonment of 308 months. *United States v. Bowen*, No. 1:02-CR-074-SS-1 (W.D. Texas). Although Bowen filed a notice of appeal with the United States Court of Appeals for the Fifth Circuit, that appeal was dismissed because Bowen failed to order the transcript and pay the required fees. *Id*.

Despite the waiver in his plea agreement, Bowen filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the sentencing court in the Western District of Texas, claiming that his trial attorney provided ineffective assistance of counsel for failing to object to his career offender guideline adjustment because Bowen was never convicted of the Texas offense of possession with intent to deliver a controlled substance. [R. 14-6] Specifically, Bowen challenged his prior conviction in case number 94-1828 in the 167th District Court for Travis County, noting a conflict

in the paperwork in that case. [*Id*.] Although the indictment and the plea were for first degree possession of a controlled substance with intent to deliver, a judgment confusingly indicates that Bowen pleaded guilty to the offense charged in the indictment, but then states that Bowen is found guilty of the offense of possession of a controlled substance, namely cocaine, first degree felony. [R. 14-4] Following an evidentiary hearing, the District Court denied this motion, finding that, based on that Court's thorough review of the underlying state criminal court records regarding Bowen's conviction in case number 94-1828, as well as the testimony presented during the Court's evidentiary hearing, Bowen had, in fact, been convicted for the offense of possession with intent to deliver cocaine (not simple possession), thus his attorney's performance was sufficient. [R. 14-9]

Bowen appealed the denial of his § 2255 motion to the Fifth Circuit. However, the Fifth Circuit dismissed his appeal due to the valid appeal waiver provision of his plea agreement. *United States v. Bowen*, 121 F. App'x 569, 570 (5th Cir. 2005). Specifically, the Court found that "[g]iven the explicit terms of the waiver provision in the plea agreement, the Government's iteration of those terms at rearraignment, the thorough nature of the district court's admonishment that the waiver would bar Bowen from later revisiting his sentence, and Bowen's failure to assert that he was misled by any misstatement by the district court regarding the exceptions to the waiver, he has not established plain error." *Id*. The United States Supreme Court denied his petition for writ of certiorari. *Bowen v. United States*, 545 U.S. 1105 (2005).

In October 2018, Bowen raised this issue again with the sentencing court in the Western District of Texas, this time via a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure requesting the correction of a "clerical mistake" in Bowen's PSR. *United States v. Bowen*, No. 1:02-CR-074-SS-1 (W.D. Texas) at R. 80. In his motion, Bowen argued that his

5

conviction out of Travis County Texas for "possession of a controlled substance-second degree felony" in Cause No. 94-1828 was misrepresented in the state court record, because it was for "simple possession," not with the intent to deliver. *Id*. Bowen claimed that this "clerical mistake" caused him to improperly be classified as a career offender. *Id*. The Court denied this motion, finding that the information that Bowen sought to revise was not a "clerical error." *Id*. at R. 81. The Court further noted that it had already thoroughly examined and rejected Bowen's argument regarding the nature of his prior conviction twice, first on Bowen's motion for a new trial, and then later on Bowen's § 2255 motion. *Id*. The Court then, once again, re-stated its prior findings that Bowen's prior conviction was for possession with intent to deliver a controlled substance – cocaine, a first-degree felony, and that Bowen was properly sentenced as a career offender. *Id*.

Bowen is now seeking relief in this Court via a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. [R. 1] In his § 2241 petition, Bowen argues that his prior Texas drug conviction in Cause No. 94-1828 no longer qualifies as a "controlled substance offense" for purposes of his career offender enhancement under the Sentencing Guidelines in light of the United States Supreme Court's subsequent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the decisions of the United States Court of Appeals for the Sixth Circuit in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) and the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

However, having thoroughly reviewed the petition, the response filed by Respondent, and Bowen's reply, the Court must deny relief because Bowen knowingly and voluntarily waived his right to contest his sentence in a post-conviction proceeding in his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241, including this one. *Slusser v. United*

*States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.")(citation omitted). "A voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Id*. at 440 (quoting *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017)(other citations omitted). Bowen bargained for and received a substantial reduction in the sentence by virtue of the dismissal of seven significant charges of the indictment (a conviction of any of which could have drastically increased his potential sentence) in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence, absent an upward departure by the sentencing court from the Sentencing Guidelines calculation. He is therefore barred from challenging his conviction or sentence in this proceeding. *See Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-cv-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

In response to the Respondent's argument that he should be allowed to proceed with his § 2241 petition, notwithstanding his plea waiver, Bowen offers only because "all judges, prosecutors, and defense attorneys mistakenly believed that delivery of cocaine in violation of…§481.112(a)" was a qualifying predicate for purposes of the career offender enhancement of the guidelines, Bowen's "waiver of his collateral review rights can hardly be said to have been made knowingly, voluntarily, and/or intelligently." [R. 27] However, "[t]he subsequent developments in this area of the law 'do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Slusser*, 895 F.3d at 440 (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). Indeed, the Fifth Circuit Court of Appeals specifically found

that Bowen was barred from raising his claim of ineffective assistance of counsel based on his counsel's failure to object to the enhancement of his sentence based on his career offender status in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 because Bowen's knowingly waiver of the right to revisit his sentence contained in his plea agreement was binding. [R. 14-10] Thus, as with his prior attempt to challenge his sentence in his first § 2255 petition, the waiver of Bowen's right to contest his sentence in a post-conviction proceeding precludes his right to bring his claims in this § 2241 proceeding. *See Morrison*, 852 F.3d at 491 ("Accordingly, courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights."). Because Bowen waived the right to bring this § 2241 petition in his plea agreement, his petition must be denied.

Respondent dedicates a large portion of his response to an argument that the *Hill* panel "adopted an unduly expansive view of the scope of the § 2255 savings clause," suggesting that *Hill* was wrongly decided, as well as explaining the Department of Justice's reconsideration of its position regarding the availability of relief under § 2241 for claims based on new rules of statutory interpretation. [R. 14 at p. 7-22] However, *Hill* remains the law of the Sixth Circuit and, accordingly, is binding on this Court. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009).

Regardless, even absent the waiver, in order for the very narrow exception to the general prohibition against raising a sentencing challenge in a § 2241 petition to apply, *Hill* requires that the petitioner demonstrate "that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F. 3d at 595. Here, it is doubtful that Bowen has satisfied this requirement. Although Bowen was sentenced prior to

Booker when the guidelines were mandatory, the parties agreed that, while Bowen's sentence would be imposed "in conformity with" the Guidelines, the sentencing court "has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense, including a sentence determined by reference to the Guidelines." [R. 14-2, Plea Agreement at p. 5] Bowen's 188-month sentence under 21 U.S.C. § 841(b)(1)(B) was well below the statutory maximum term of 40 years (or 480 months) authorized by Congress. In addition, the consecutive 120-month sentence Bowen received under 18 U.S.C. § 924(c)(1)(B)(i) was the mandatory statutory term provided by Congress. Thus, the sentence imposed by the sentencing court did not exceed the statutory maximum and was, instead, well within its statutory authority.

Moreover, while not determinative, the Court finds it noteworthy that it is only by virtue of Bowen's brief incarceration in this judicial district that he is permitted to raise this claim at all. In *Hinkle*, the case was before the Fifth Circuit on direct appeal from Hinkle's conviction and sentence. *Hinkle*, 832 F.3d at 572. However, the Fifth Circuit has held that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy,* 222 F.3d 209, 213–14 (5th Cir.2000)). Thus, Bowen would not have been permitted to file this petition at all in the district in which he was sentenced.

While Respondent's brief certainly raises interesting legal questions regarding *Hill* and the availability of relief from a sentence in a § 2241 petition, the Court need not resolve these questions because the Court finds that Bowen knowingly and voluntarily waived the right to collaterally attack his sentence in his plea agreement. For this reason, Bowen's § 2241 petition must be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Bowen's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated March 12, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY